

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 3:11CR36–HEH |
| ) | |
| MUSTAFA KHALIL NAEEM, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Mustafa Khalil Naeem, a federal inmate proceeding *pro se*, filed this 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 53) arguing that his firearm conviction and sentence are invalid under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Government filed a Motion to Dismiss the § 2255 Motion contending that it is barred by the relevant statute of limitations. (ECF No. 57.) As discussed below, the Court finds that Naeem's *Johnson* claim lacks merit and may be dismissed on that ground.

### I. FACTUAL AND PROCEDURAL HISTORY

On April 5, 2011, Naeem was charged in a three-count Superseding Indictment with: conspiracy to unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce by robbery (Count One); bank robbery of Virginia Partner's Bank in Fredericksburg, Virginia (Count Two); and using, carrying, and brandishing a firearm during and in relation to a crime of violence, to wit, the bank robbery charged in Count One (Count Three). (ECF No. 14, at 1–6.) On June 3, 2011, Naeem pled guilty to all three counts. (ECF No. 17, at 1–2.)

On August 26, 2011, the Court entered judgment and sentenced Naeem to 240 months on Count One, 240 months on Count Two to be served concurrently with Count One, and 120 months on Count Three to be served consecutively. (ECF No. 35, at 2.)[1] Naeem did not appeal.

On April 3, 2017, Naeem placed his § 2255 Motion in the prison mail system for mailing to this Court. (ECF No. 53, at 13.) The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Thereafter, the Government moved to dismiss, arguing that the § 2255 Motion is barred by the relevant statute of limitations.

## II. ANALYSIS

### A. Timeliness Argument

Under 28 U.S.C. § 2255(f)(1), Naeem was required to file any 28 U.S.C. § 2255 motion within one year after his conviction became final. Because Naeem did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Friday, September 9, 2011, the last date to file an appeal. *See United States v. Clayton*, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)). Hence, Naeem had until Monday, September 10, 2012 to file any motion under 28 U.S.C. § 2255. Accordingly, absent a belated commencement of the limitation period, Naeem's § 2255 Motion is

---

[1] The Court later entered an Amended Judgment solely to correct restitution amounts. (ECF No. 41.)

untimely. Naeem contends that he is entitled to a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(3).

Naeem asserts that his firearm conviction is unlawful in light of *Johnson*, and in doing so, he argues that *Johnson* restarted the one-year limitation period pursuant to § 2255(f)(3). Naeem was convicted of using, carrying, and brandishing a firearm during the commission of a crime of violence, to wit, bank robbery, in violation of 18 U.S.C. § 924(c). Naeem's argument—that the residual clause of § 924(c) is unconstitutionally vague—simply was not a right announced in *Johnson*. Rather, the Supreme Court's holding in *Johnson* only addressed the residual clause of ACCA. As the Fourth Circuit has observed, although "the Supreme Court held unconstitutionally vague the [residual clause in ACCA], . . . the [Supreme] Court had no occasion to review . . . the residual clause [of § 924(c)]." *United States v. Fuertes*, 805 F.3d 485, 499 n.5 (4th Cir. 2015). Thus, Naeem's contention that § 924(c)'s residual clause is unconstitutionally vague was not a right announced by the Supreme Court in *Johnson*. However, the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019),[2] may call into question the timeliness of Naeem's § 2255 Motion. The Court need not engage in further discussion of the timeliness of Naeem's § 2255 Motion because it can be dismissed for lack of merit.

B. **Naeem's Claim Lacks Merit.**

Naeem's *Johnson* claim plainly lacks merit. *See United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994) (noting that a district court may summarily dismiss a § 2255

---

[2] In *Davis*, the Supreme Court held that the residual clause of § 924(c)(3)(B) was unconstitutionally vague. 139 S. Ct. at 2336.

3

motion where "files, and records 'show conclusively that the movant is not entitled to relief'" (quoting *United States v. Day*, 969 F.2d 39, 41–42 (3d Cir. 1992))). Naeem contends that after *Johnson*, the offense of bank robbery can no longer qualify as a crime of violence under 18 U.S.C. § 924(c)(3), and thus, his conviction for Count Three must be vacated.

Title 18 U.S.C. section 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline additional period of imprisonment is five years. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years. *Id.* § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years. *Id.* § 924(c)(1)(A)(iii).

Until recently, the United States could demonstrate that an underlying offense constituted a crime of violence if it established that the offense was a felony and satisfied one of two requirements. Namely, the statute defines a crime of violence as any felony:

    **(A)** [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Force Clause")], or
    **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].

*Id.* § 924(c)(3). The Supreme Court recently invalidated the Residual Clause, or § 924(c)(3)(B), in *Davis*, 139 S. Ct. 2339. However, the Fourth Circuit has also concluded that bank robbery in violation of 18 U.S.C. § 2113(a) qualifies as a crime of violence under the Force Clause. *See United States v. McNeal*, 818 F.3d 141, 152 (4th

4

Cir. 2016).

Lastly, the Court notes that the Fourth Circuit's recent decision in *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) does not alter the conclusion that Naeem' § 924(c) conviction is predicated on a valid crime of violence under the Force Clause of § 924(c)(3)(A). In *Simms*, the defendant pled guilty to conspiracy to commit Hobbs Act robbery and to brandishing a firearm during and in relation to a "crime of violence," but later challenged his brandishing conviction on the theory that Hobbs Act conspiracy could not be considered a "crime of violence" under 18 U.S.C. § 924(c)(3). *Id.* at 232–33.

> Initially, the parties and the Fourth Circuit agreed that,
>
> conspiracy to commit Hobbs Act robbery—does not categorically qualify as a crime of violence under the [Force Clause], as the United States now concedes. This is so because to convict a defendant of this offense, the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the Hobbs Act. Such an agreement does not invariably require the actual, attempted, or threatened use of physical force.

*Id.* at 233–34 (citations to the parties' material omitted). Thereafter, the Fourth Circuit concluded that the Residual Clause of § 924(c) is void for vagueness. *Id.* at 236.

As explained above, bank robbery is a valid crime of violence under the Force Clause. *McNeal*, 818 F.3d at 152. Thus, neither *Simms* nor *Davis* alters the conclusion that Naeem's § 924(c) conviction rests upon a valid predicate crime of violence under the Force Clause. Accordingly, Naeem's claim will be dismissed.

5

## III. CONCLUSION

The § 2255 Motion (ECF No. 53) will be denied. The Government's Motion to Dismiss (ECF No. 57) will be denied as moot. Naeem's Motion to Expedite Ruling (ECF No. 62) will be denied as moot. Naeem's claim and the action will be dismissed. A certificate of appealability will be denied.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: Aug. 2 2015
Richmond, Virginia

6